# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 5:12-CR-00257** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ALWYN NORD STEWART, JR.** | **MAG. JUDGE MARK L. HORNSBY** |

## RULING

Pending before the Court is Defendant Alwyn Nord Stewart, Jr.'s ("Stewart") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. No. 267]. The motion is fully briefed, and the Court is prepared to rule.

**I.     FACTS AND PROCEDURAL HISTORY**

In September of 2012, a federal grand jury for the Western District of Louisiana charged Stewart with conspiracy to possess with intent to distribute 50 grams and more of methamphetamine, and 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, Schedule II controlled substances, in violation of 21 U.S.C. §§ 841(a) and 846.

In December of 2012, the Government filed notice that, pursuant to 21 U.S.C. § 851, it intended to use a 2003 conviction for possession of controlled substances, felony 2nd degree, in Cause Number 087316301010, in the 208th District Court, Harris County, Houston, Texas, a felony drug offense, to enhance the penalties that Stewart would face upon conviction. Stewart subsequently entered a guilty plea, and, on April 30, 2015, he was sentenced to 240 months in prison and 5 years of supervised release with conditions. Stewart's sentence was enhanced using the 2003 prior felony conviction. Stewart filed an appeal, primarily challenging the denial of his

pretrial motion to dismiss his counsel and to appoint a new counsel. The Fifth Circuit affirmed in full, on December 15, 2016, noting, with approval, "In addition to having filed largely fruitful pretrial motions on behalf of Stewart, Glassell successfully counseled Stewart to accept a favorable plea agreement that assured him a maximum sentence of 20 years instead of the mandatory life sentence he faced if he proceeded to trial".[1]

On March 8, 2018, Stewart filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Stewart asserts both his trial counsel and his appellate counsel were constitutionally ineffective in failing to challenge the § 851 enhancement in light of *United States v. Gomez-Alvarez,* 781 F.3d 787 (5th Cir. 2015), or *United States v. Tanksley,* 854 F.3d 284 (5th Cir. 2017).

## II. LAW AND ANALYSIS

### A. Motions under 28 U.S.C. § 2255

In a motion to vacate, set aside, or correct sentence, a defendant may present four cognizable grounds, which include (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente,* 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

---

[1] **No. 15-30429, 671 Fed. Appx. 325, at 326 (5th Cir. 2016).**

B.  **Ineffective Assistance of Counsel**

Allegations concerning the performance of one's attorney can be considered under 28 U.S.C. § 2255. See *Masaro v. United States,* 538 U.S. 500, 509 (2003). Claims of ineffective assistance of counsel are governed by the familiar standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984), where the Supreme Court held that criminal defendants are entitled to the effective assistance of counsel pursuant to the Sixth Amendment of the United States Constitution. The *Strickland* Court also held that to sustain a claim of constitutionally ineffective assistance of counsel a defendant must prove two things: (1) that defense counsel's performance "fell below an objective standard of reasonableness," and (2) that the deficient performance prejudiced the defendant. *Id*. at 688.

In assessing counsel's performance in a particular matter, the Supreme Court also stated that reviewing courts must judge "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. In establishing deficient performance, the defendant must demonstrate that counsel's "acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690. Judicial scrutiny of counsel's performance is highly deferential, and there is a "strong presumption that counsel performed adequately and exercised reasonable professional judgment." *Id*. at 689. In short, "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington v. Richter*, 562 U.S. 86, 110 (2011).

With regard to the prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. The defendant must establish both

prongs of this test. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

In the context of sentencing, the movant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would have received less time in prison. *See Glover v. United States*, 531 U.S. 198, 203 (2001).

In the context of appellate counsel, decisions about which issues to raise on appeal rest with counsel, who is better suited to estimate the probability of success on any given argument. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Counsel is required to assert solid, meritorious arguments based on directly controlling precedent, but need not raise every nonfrivolous ground of appeal available. "When as here, counsel files a merits brief, a defendant generally must show that a particular nonfrivolous issue was clearly stronger than issues counsel did present. There is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect.'" *Dorsey v. Stephens*, 720 F.3d 309, 320 (5th Cir. 2013).

"The process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986). "[I]t is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

### C. Defendant's Asserted Grounds for Relief

1. Ineffective Assistance of Counsel During Sentencing

Stewart contends that his counsel was constitutionally deficient for failing to challenge use of a non-qualifying prior conviction as an § 851 predicate, from the point he received notice that the United States sought to do so in December 2012, up to and including failing to articulate an objection to such increase at Stewart's April 30, 2015 sentencing. Stewart argues that his counsel was deficient for failing to recognize and challenge the United States' notice of enhancement on the ground that his 2003 conviction for 2nd degree possession of controlled substances, in violation of Texas Health & Safety Code § 481.112(a) did not constitute a "felony drug offense" within the meaning of 21 U.S.C. § 802(44).

Title 21, United States Code § 802, states in pertinent part:

> (44) The term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

Stewart contends that his prior conviction for 2nd degree possession of controlled substances was in violation of Texas Health & Safety Code § 481.112(a), and did not constitute a "felony drug offense" within the meaning of 21 U.S.C. § 802(44) because § 481.112(a) is "indivisible and overbroad," meaning that any conviction thereunder categorically fails to qualify as a "felony drug offense."

Texas Health & Safety Code § 481.112(a) states in pertinent part:

> § 481.112. Offense: Manufacture or Delivery of Substance in Penalty Group 1
>
> (a) Except as authorized by this chapter, a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1.

***

> (c) An offense under Subsection (a) is a felony of the second degree if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, one gram or more but less than four grams.

Stewart asserts that Texas Health & Safety Code § 481.112(a) is overbroad because the narcotic drugs falling with penalty group 1 include at least thirty-five which do not qualify as "narcotic drugs, marihuana, or depressant or stimulant substances" under the federal generic definition. In support of his argument, Stewart cites *United States v. Gomez-Alvarez,* 781 F.3d 787 (5th Cir. 2015), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017.), supplemented, 854 F.3d 284 (5th Cir. 2017), and asserts his counsel was constitutionally ineffective in failing to challenge the § 851 enhancement in light of these two cases.

Stewart's entire argument is predicated on his 2003 conviction being a violation of Texas Health & Safety Code § 481.112(a), yet he offers no support that the conviction was under that statute. The 2003 conviction was for possession of cocaine. The record of this conviction does not specify the particular Texas Statute that was violated, but it appears to be Texas Health & Safety Code § 481.115 (possession of substance in penalty group 1) and not § 481.112(a) (manufacture or delivery of substance in penalty group 1) as Stewart claims in this motion.

However, even assuming that § 481.112(a) is correct, Stewart's arguments still fail. Stewart does not dispute that his 2003 conviction is drug-related or a felony. Under the law in effect at the time of Stewart's sentencing, when a court determined whether a prior conviction is a "felony drug offense" under § 841(b)(1), it was allowed to look beyond the elements to the defendant's actual conduct. *United States v. Rains,* 615 F.3d 589 (5th Cir. 2010); *United States v. Curry,* 404 F.3d 316 (5th Cir. 2005).

When Stewart was sentenced in April 2015, there was no case holding that Texas Health & Safety Code § 481.112(a) was broader than the federal definition of "felony drug offense."

Thus, Stewart's counsel could not be faulted for failing to cite any non-existent authority. While the *Gomez-Alvarez* case cited in Stewart's instant motion was decided in March of 2015, prior to Stewart's sentencing, it involved a California state statute, and its analysis and holding turned on a particular definition of controlled substance and whether a previous conviction constituted a "drug trafficking offense." In *Gomez-Alvarez*, the defendant was convicted under a California state statute for possession for sale of a controlled substance. The California statute criminalized the possession for sale (or purchase) of controlled substances. 781 F.3d at 789. The statute did not define controlled substances, but referred to controlled substances listed in another statute. Some of those substances were covered by the Controlled Substances Act, but others were not. As a result, *Gomez-Alvarez* determined that the California statute was categorically overbroad. *Id*. at 792-793. However, that was not the end of the inquiry; the court still applied a modified categorical approach.[2] As *Gomez-Alvarez* states:

> For a prior conviction to qualify as a "drug trafficking offense," the government must establish that the substance underlying that conviction is covered by the CSA. We proceed to the modified categorical approach to consider whether the government met its burden to narrow the scope of the instant conviction to a qualifying element of section 11351 by the introduction of *Shepard*-approved documents.

*Gomez-Alvarez*, 781 F.3d at 794. The *Gomez-Alvarez* court reviewed *Shepard*-approved documents, determined that the prior conviction qualified as a basis for enhancing the sentence because the conviction involved a drug on the federal schedule, and affirmed the defendant's sentence. Id. at 796-797.

---

[2] **Under the modified approach, a later sentencing court determining the character of a prior offense to which a defendant pled guilty is permitted to look beyond the fact of conviction and the statutory definition of the prior offense. The Supreme Court held in *Shepard* that such inquiry is "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Gomez-Alvarez,* 781 F.3d a 792, citing *Shepard v. United States,* 544 U.S. 13, 16 (2005).**

Therefore, even if Stewart's counsel had successfully argued that the rationale of *Gomez-Alvarez* should apply in this case, he would not have prevailed on the merits. Had the Court applied the *Gomez-Alvarez* rationale, it would have used the modified categorical approach and reviewed *Shepard*-approved documents to determine the basis of Stewart's 2003 conviction and whether it qualified as a "felony drug offense." The Court would have seen the "Judgment Adjudicating Guilt" from that conviction and seen that the substance possessed was cocaine.

*Gomez-Alvarez* was also not directly on point; therefore, Stewart's counsel was not deficient for failing to cite it. Furthermore, Stewart did not suffer any prejudice because even if his counsel had cited *Gomez-Alvarez* and its approach was applied, the 2003 conviction would have qualified to enhance Stewart's sentence.

However, Stewart also relies on *Tanksley*, in which the Fifth Circuit held § 481.112(a) of the Texas Health and Safety Code is indivisible, and, therefore, explicitly foreclosed resort to the modified categorical approach to determine whether a certain conviction under § 481.112(a) may meet the federal generic definition of an offense.

Although involving the same statute Stewart cites, Stewart's reliance on *Tanksley* is misplaced. That case was decided on January 18, 2017, and supplemented on April 13, 2017, some two years after Stewart's sentencing and after Stewart's appeal was decided on December 15, 2016. Stewart's counsel could have not been deficient for failing to cite a case that did not then exist. Also, Stewart does not explain how his counsel could have been aware of or foreseen this future development in the law at the time Stewart was sentenced in April 2015.

Courts ordinarily refuse to deem counsel ineffective for failing to predict the development of the law. *United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009) ("Counsel is

required to research facts and law and raise meritorious arguments based on controlling precedent, but the law of this circuit is clear that counsel need not anticipate changes in the law or raise meritless objections.") (internal citations omitted). See also *Lott v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001) (counsel not ineffective for not anticipating a change in the law, even though conflicting opinions already existed in the appellate court); *Green v. Johnson*, 116 F.3d 115, 1125 (5th Cir. 1997) ("[T]here is no general duty on the part of defense counsel to anticipate changes in the law."); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that reasonably effective representation cannot and does not include a requirement to make ... predictions of how the law may develop").

In *United States v. Woods,* 714 F.Appx. 455 (Fifth Cir. 2018), in an unpublished opinion which is not precedent but nevertheless has persuasive authority, the Fifth Circuit addressed a similar argument:

> Woods further asserts that his trial counsel rendered ineffective assistance by "failing to argue that Texas Health & Safety Code Annotated, § 482.001(4)"—which defines simulated controlled substance—"was overly broad and could not be applied to enhance" his sentence in light of *Mathis v. United States,* 136 S.Ct. 2243 (2016), *United States v. Hinkle,* 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley,* 848 F.3d 347 (5th Cir.), supplemented by 854 F.3d 284 (5th Cir. 2017). Woods has not shown that counsel's performance was deficient under *Strickland v. Washington*, 466 U.S. 668, 786, 104 S.Ct 20152, 80 L.Ed. 2d 674 (1984), as those cases were decided long after Woods was sentenced. See *United States v. Fields,* 565 F.3d 290, 294 (5th Cir. 2009).

Stewart has not met his burden of showing that his counsel at sentencing was ineffective. Therefore, his § 2255 motion is DENIED on this ground.

2. Ineffective Assistance of Counsel During Appeal

Stewart contends that his appellate counsel was constitutionally deficient for essentially the same reasons set forth above with regard to his counsel at sentencing.

**9**

The statute cited by Stewart does not appear to be the statute that he was convicted under in 2003, but even if it was, that prior conviction is not disqualified under *Gomez-Alvarez,* as explained above. Additionally, *Tanksley* had not been decided at the time of Stewart's appeal. *Tanksley* was decided on January 18, 2017, and supplemented on April 13, 2017. Stewart's appeal was decided on December 15, 2016. Therefore, Stewart's appellate counsel cannot be faulted for failing to anticipate a change in the law that didn't exist.

*Tanksley* was an application of *Mathis v. United States*, 136 S. Ct. 2243 (2016), a case that was decided while Stewart's appeal was pending. In *Mathis*, the Supreme Court held that the modified categorical approach, which is used to determine whether a prior conviction is for a violent felony or serious drug offense as defined in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), may not be applied to statutory offenses listing alternative "means," rather than alternative "elements." In determining whether a statute lists means or elements*, Mathis* instructs that a sentencing court must look to "authoritative sources of state law, or alternatively, the statute on its face may resolve the issue." *Mathis*, 136 S. Ct. at 2256.

However, when *Mathis* was decided, at the time of Stewart's appeal, it was not clear in the Fifth Circuit that the categorical approach or the modified categorical approach applied to § 851 determinations as in this case. Further, the case law from the Fifth Circuit indicated the correct approach at that time would be to refer to *Shepard-*approved documents as was done in *Gomez-Alvarez*. See *United States v. Curry*, 404 F. 3d 316, 320 (5th Cir. 2005) (using the statutory definition of felony drug offense along with *Shepard* in determining whether a prior conviction fits the recidivist enhancement provision.) Just as above, had the court done this, it would have seen that in Stewart's 2003 conviction, the substance possessed was cocaine, and

cocaine is defined as a narcotic drug under 21 U.S.C. § 802(17)(D) and is also listed in Penalty Group 1 under Texas Health & Safety Code § 481.102.

Additionally, *Mathis* did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review. *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016).

Finally, because the law was unsettled at the time, Stewart's counsel on appeal was not deficient in failing to raise a *Mathis*-based argument, or for failing to raise arguments similar to those made in *Tanksley* . *See United States v. Fields*, supra, (refusing to find defense counsel ineffective for not predicting an extension of precedent).

In any event, Stewart has not carried his burden of demonstrating that the issue not presented on appeal was clearly stronger than issues that counsel did present.

## III.   CONCLUSION

For these reasons, this Court finds that Stewart has not met his burden of showing that his counsel at sentencing or on appeal was ineffective. Because the files and records of the case conclusively show that Stewart is entitled to no relief, his § 2255 motion is denied as to all claims without an evidentiary hearing. *United States v. Rivas-Lopez,* 678 F.3d 353, (5th Cir. 2012). Accordingly,

The Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. No. 267] is **DENIED**.

Monroe, Louisiana, this 12th day of June, 2018.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE