# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIM. ACTION NO. 5:12-00257-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ALWYN NORD STEWART, JR.** | **MAG. JUDGE MARK HORNSBY** |

## MEMORANDUM RULING

Pending before the Court is a Motion for Compassionate Release [Doc. No. 292] filed by Defendant Alwyn Nord Stewart, Jr. ("Stewart") on August 14, 2020. Stewart is currently serving a 240-month term of incarceration at Forth Worth FMC. He moves the Court for compassionate release/reduction in sentence due to COVID-19 risk factors. The Standard Procedural Order [Doc. No. 293] was filed on August 17, 2020. The Government filed its Opposition [Doc. No. 300] on August 25, 2020. For the reasons set forth herein, Stewart's motion is DENIED for failure to exhaust administrative remedies.

The United States argues that Stewart is not entitled to the relief requested at this point because he has not exhausted his administrative remedies with the Bureau of Prisons ("BOP"), and, therefore, the Court does not have jurisdiction to consider his motion.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the

defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). In this case, Stewart moves to modify his sentence under 18 U.S.C. § 3852(c)(1)(A). Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. Prior to filing such motions, however, prisoners must exhaust their administrative remedies in one of two ways: (1) prisoners can file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) prisoners can file a motion after requesting release, but there is "the lapse of 30 days from the receipt . . . of such a request" by the warden of the moving inmate's facility, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). The administrative-exhaustion provision of the First Step Act is set out in mandatory terms. It permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* This mandatory statutory exhaustion requirement provides no exceptions.

Stewart maintains he emailed the Warden on July 8, 2020 (no copy attached) and stated he submitted a Request for Administrative Remedy – Attempt at Informal Resolution. BOP then specifically advised Stewart to write a letter to the Warden requesting compassionate release, but that BOP has not received any documentation that Stewart has made a request for compassionate

release. Based upon the documentation provided, Stewart has not exhausted his administrative remedies.

While the Court is well aware of the effects the Covid-19 pandemic, § 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Stewart's failure to exhaust his administrative remedies or to waive the 30-day waiting period. Accordingly, the Court does not have authority at this time to grant the relief Stewart requests. *See, generally, Ross v. Blake,* 136 S. Ct. 1850, 1856–57 (2016) (reviewing the Prisoner Litigation Reform Act and explaining that "mandatory [statutory] language means a court may not excuse a failure to exhaust.)

Should Stewart wish to pursue compassionate release, he should write a letter to the Warden of Fort Worth FMC, asking for compassionate release and explaining the reasons for that request. After the Warden responds (or if the Warden does not respond within 30 days), Stewart will have exhausted his administrative remedies and may proceed to file a request in this Court.

For the foregoing reasons,

IT IS ORDERED that Stewart's motion is DENIED, subject to re-urging if Stewart exhausts his administrative remedies.

MONROE, LOUISIANA, this 26th day of August, 2020.

> _____
> TERRY A. DOUGHTY
> UNITED STATES DISTRICT JUDGE