# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO.  5:12-00257-01 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| ALWYN NORD STEWART, JR. | MAG. JUDGE MARK HORNSBY |

## MEMORANDUM RULING

Pending before the Court is a Motion for Compassionate Release [Doc. No. 316] filed by Defendant Alwyn Nord Stewart, Jr. ("Stewart") on November 30, 2020.  Stewart is currently serving a 240-month term of incarceration at Oklahoma Federal Transfer Facility[1].  He moves the Court for compassionate release due to COVID-19 risk factors.  The Standard Procedural Order [Doc. No. 317] was filed on November 30, 2020.  United States of America ("the Government") filed its Opposition [Doc. No. 320] on December 9, 2020.  For the reasons set forth herein, the motion is DENIED.

## I.     BACKGROUND

On January 12, 2015, Stewart entered a guilty plea to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, and 500 grams or more of a mixture containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. 841(a) and 21 U.S.C. 846.  Stewart was held responsible for at least 3.552 kilograms of methamphetamine and his sentence was enhanced under 21 U.S.C. 851 based upon a prior felony conviction for possession of controlled substances.  On April 30, 2015, Stewart was sentenced to

---

[1]  Stewart was previously at Fort Worth FMC.  Stewart (according to the Government) is en route to FCI, Yazoo City Medium Security in Yazoo City, Mississippi.

240 months imprisonment, the statutory minimum, and 5 years of supervised release.  He has served approximately 48% of his sentence.  His projected release date is December 27, 2029.

On August 14, 2020, Stewart filed a previous motion for compassionate release [Doc. No. 292], which was denied based upon his failure to exhaust administrative remedies [Doc. No. 301].

The pending motion [Doc. No. 316], was filed by Stewart on November 30, 2020.  In this motion, he seeks compassionate release based on his assertion that Stage 2 chronic kidney disease, obesity, blood urination, and hypertension make him particularly vulnerable to becoming seriously ill from COVID-19 should he contract the disease in prison.

In its Opposition [Doc. No. 320] the Government concedes that Stewart has at least two health conditions recognized by the Centers for Disease Control ("CDC") as a COVID-19 risk factor, namely Stage 2 chronic kidney disease and obesity, thus comprising an "extraordinary and compelling reason" as that term is defined for purposes of 18 U.S.C. 3582(c)(1)(A).

However, the Government maintains that compassionate release should be denied, as Stewart has not demonstrated that he is not a danger to the safety of any other person or to the community, and that his release is consistent with the 18 U.S.C. 3553(a) factors.

## II.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Government concedes that Stewart has exhausted his administrative remedies by submitting a request for relief through Bureau of Prisons ("BOP") administrative channels on September 8, 2020.  That request was denied by the Warden on October 6, 2020.  Therefore, Stewart has exhausted his administrative remedies through BOP.

## III.     LAW AND ANALYSIS

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825(2010). Under

18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. §3582(c)(2). Stewart moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. The First Step Act, § 3852(c)(1)(A), now allows prisoners to directly petition courts for compassionate release, upon exhausting their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

### A.    Extraordinary and Compelling Circumstances

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)  extraordinary and compelling reasons warrant the reduction; ....

(2)  the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3)  the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as one broader provision for reasons deemed "extraordinary and compelling":

1. Extraordinary and Compelling Reasons. — Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A)  Medical Condition of the Defendant.—

   (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.

   (ii)  The defendant is—

   (I)  suffering from a serious physical or medical condition,

   (II)  suffering from a serious functional or cognitive impairment,

   or

   (III)  experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B)  Age of the Defendant.—The defendant

   (i)  is at least 65 years old;

4

          (ii)      is experiencing a serious deterioration in physical or mental health because of the aging process; and

          (iii)     has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C)    <u>Family Circumstances.</u>

          (i)       The death or incapacitation of the caregiver of the defendant's minor child or minor children.

          (ii)      The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D)    <u>Other Reasons.</u>

          As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13cmt. n. 1.

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release.") (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); *United States v. Wright,* Crim. Action No. 16-214-04, 2020 WL1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

The Government concedes that Stewart' medical reasons establish "extraordinary and compelling circumstances" pursuant to Stewart' medical condition.

## V.      DANGER TO THE COMMUNITY AND 18 U.S.C. § 3553(a) FACTORS

Although the Government concedes Stewart has established "extraordinary and compelling circumstances", it maintains Stewart has not demonstrated that he is not a danger to the safety of any other person, or to the community, and that his release is consistent with 18 U.S.C. 3553(a) factors.  This Court agrees.

### 1.      Danger to the Community

The Court must also consider whether Stewart remains a danger to the community.  The Court must consider whether a prisoner remains a danger to the community before granting compassionate release, as required by U.S.S.G. § 1B1.12(2), which refers to 18 U.S.C.§ 3142(g). Furthermore, 18 U.S.C. § 3582 and the policy statement require the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors to be considered in weighing a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

(1)      the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2)      the need for the sentence imposed –

A.      to reflect the seriousness of the offense, to promote respect for

the law, and to provide just punishment for the offense;

B.      to afford adequate deterrence to criminal conduct; [and]

C.      to protect the public from further crimes of the defendant;…

Stewart has a lengthy criminal history.  His history includes a 2006 conviction for possession of a controlled substance, (crack-cocaine); a 2003 conviction for possession of a controlled substance (LSD and marijuana); a 2003 conviction for possession of a controlled substance (cocaine); a 2001 conviction for criminal trespass (after having been  banned for drug activity); two convictions in 2000 for possession of marijuana; 1999 convictions for evading arrest; failure to stop; unlawful carrying of a weapon, and assault; a 1998 conviction for evading arrest; and a 1997 conviction for assault.

Stewart also has other arrests for drug and/or violent actions.  The underlying conviction for Conspiracy to Possess with Intent to Distribute Methamphetamine resulted in Stewart being held responsible for over three and a half kilos of methamphetamine.  Therefore, he has not demonstrated that he will not pose a danger to the community if released.

Also, he has completed less than 50% of a statutory minimum sentence of 240 months.  To give him a sentence less than half of the statutory minimum would not reflect the seriousness of the offense, would not promote regard for the law and would not afford adequate deterrence to criminal conduct.

**CONCLUSION**

For the above reasons, Stewart's Motion for Compassionate Release [Doc. No. 316] is DENIED.

MONROE, LOUISIANA, this 15th day of December, 2020.

TERRY A. DOUGHTY
UNITED STATES DISTRICT COURT