UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 5:12-CR-00257** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ALWYN NORD STEWART, JR.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before the Court is Defendant Alwyn Nord Stewart, Jr.'s ("Stewart") *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 353]. Stewart argues in his motion that (1) the Court should reconsider his sentence in light of changes in the law in the First Step Act; (2) there is an unjust disparity in methamphetamine-related sentencing guidelines; and (3) the 3553(a) factors weigh in his favor. The Government opposes Stewart's Motion [Doc. No. 356].

For the following reasons, the Motion is **DENIED**.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On January 12, 2015, Defendant Alwyn Nord Stewart, Jr. entered a plea of guilty to conspiracy to possess with intent to distribute fifty grams and more of methamphetamine, and 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a) and 846.[1]

Stewart was sentenced on April 30, 2015. He was held responsible for at least 3.552 kilograms of methamphetamine (actual).[2] Stewart's sentence was enhanced under 21 U.S.C. § 851 based on a prior felony conviction for possession of controlled substances.[3] This Court sentenced

---

[1] [Doc. No. 356].
[2] [PSR ¶ 8].
[3] [Rec. Doc. 64; PSR ¶3].

1

Stewart to 240 months in prison, the statutory minimum, and 5 years of supervised release with conditions.[4]

In August 2020, Stewart filed a COVID-related motion for compassionate release.[5] That motion was denied based on failure to exhaust administrative remedies.[6] On November 30, 2020, Stewart filed another COVID-related motion for compassionate release, citing health conditions that were recognized by the Centers fo Disease Control and Prevention ("CDC") as COVID-19 risk factors.[7] Despite these health conditions, the Court denied this motion. The Court cited Stewart's lengthy criminal history and his failure to demonstrate that he will not pose a danger to the community if released. The Court further found that release would not reflect the seriousness of his offense, would not promote regard for the law, and would not afford adequate deterrence to criminal conduct.[8] Stewart filed a notice of appeal, but the appeal was dismissed for want of prosecution.[9] Stewart filed a third motion for compassionate release.[10]

The Court denied the third motion, finding that Stewart failed to show any extraordinary and compelling circumstance warranting release.[11] In so finding, the Court rejected the argument that non-retroactive changes are extraordinary. The Court further noted that Stewart did not show that he would not be a danger to the community if released or that his release would be consistent with the 3553(a) factors.[12]

Stewart filed the instant motion, which is his fourth motion for compassionate release.[13]

---

[4] [PSR ¶64; Rec. Doc. 221].
[5] [Rec. Doc. 292].
[6] [Rec. Doc. 301].
[7] [Rec. Doc. 316].
[8] [Rec. Doc. 321].
[9] [Rec. Doc. 338].
[10] [Rec. Doc. 344].
[11] [Rec. Doc. 352].
[12] [*Id.*].
[13] [Rec. Doc. 353].

The issues are briefed, and the Court is prepared to rule.

## II. LEGAL STANDARD

A motion for reduction of sentence is commonly referred to as a motion for compassionate release under the First Step Act. *United States v. Gonzales*, 850 Fed.Appx. 309 (5th Cir. 2021). "[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010) (cleaned up). Consistent with that principle of finality, 18 U.S.C. § 3582(c) provides that a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Under § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances," consistent with applicable guideline policy statements. Under the statute as amended by the First Step Act of 2018 ("FSA"), the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

## III. ANALYSIS

Stewart satisfied the procedural requirements for bringing a motion under 18 U.S.C. § 3582(c)(1)(A). Therefore, the issue in this Motion is whether Stewart has presented a valid claim

for sentence reduction. Stewart argues a sentence reduction is warranted for several reasons, namely that the court erred in using a prior "Possession – Simple" State of Texas conviction because "Simple Possession" is not considered a "serious drug offense" for enhancement purposes under § 851[14] and that the court erred in sentencing him under the guidelines by increasing his mandatory minimum from Ten to Life to Twenty to Life term of imprisonment.[15] Thus, Stewart maintains that his sentence would be dramatically lower had he been sentenced today without the § 851 enhancement.[16] Further, Stewart maintains that his Mandatory Minimum would be reduced from 20 to 15 years.[17] In Opposition, the Government asserts that the Defendant has not established an "extraordinary and compelling reason" for release under 18 U.S.C. § 3582(c)(1)(A) and that the § 3553(a) factors independently preclude relief.[18] Additionally, the Government asserts that 18 U.S.C. § 3582(c)(1)(A) is not the proper vehicle for his guideline claim.[19]

   a. Claims under Section 3582(c)(1)(A)

Stewart's Motion does not present an extraordinary and compelling reason warranting a sentence reduction. Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The specific policy statement referencing § 3582(c)(1)(A) is U.S.S.G. § 1B1.13, which provides that "[u]pon motion of the Director of the Bureau of Prisons or the defendant," a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that "extraordinary and compelling reasons warrant the reduction"; "the defendant is not a danger to

---

[14] [Doc. No. 353-1].
[15] [*Id.*].
[16] [*Id.*].
[17] [*Id.*].
[18] [Doc. No. 356].
[19] [*Id.*].

the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (2) and (3).

Extraordinary means "beyond or out of the common order," "remarkable," and synonymous with "singular." *United States v. Escajeda*, 58 F.4th 184, 186 (5th. Cir. 2023). The Fifth Circuit noted, "these terms explain why prisoners can seek relief under Section 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *Id*. (citing *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020)). The policy statement makes no mention of any alleged legal errors that may be challenged via direct appeal, and the Fifth Circuit has held that "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153." *Escajeda,* 58 F.4th at. 187.

Here, Stewart urges the sentencing disparity between actual methamphetamine and a mixture containing methamphetamine is grossly disproportionate and unjust and thus constitutes an extraordinary and compelling reason for reducing his sentence. Stewart attempts to frame this argument so that it fits under 18 U.S.C. § 3582(c)(1). However, this argument would be more aptly characterized as a challenge to the legality or duration of his sentence. Stewart is challenging the sentencing guidelines and how it distinguishes between different levels of methamphetamine purity. This distinction increased the duration of his sentence. Accordingly, Stewart's policy-based argument here falls within the province of a direct appeal of a § 2255 motion and should not be raised under 18 U.S.C. § 3582(c)(1). *See United States v. Hanks*, No. 1:16-CR-17-HSO-JCG-2, 2023 WL 6133441, *3 (S.D. Miss. Sept. 19, 2023) (finding that consideration of the methamphetamine purity distinction was inappropriate for a motion for compassionate release

5

because "[s]entencing is the more appropriate stage to consider such policy disagreements with the Sentencing Guidelines").

Even assuming that Stewart's claim could be raised under 18 U.S.C. § 3582(c)(1), the Court alternatively finds that the guideline's purity distinction does not constitute an extraordinary and compelling reason for a sentence reduction. The law has not changed, and Stewart's sentence would be the same today under the current guidelines. Further, the application of this guideline to Stewart was foreseeable at the time of sentencing. In other words, the guidelines distinction is not some extraordinarily severe exigency, was not unforeseeable when Stewart was sentenced, and is not something unique to Stewart.

Accordingly, the guidelines distinction does not present an extraordinary and compelling reason for relief. *See United States v. Hall*, No. CR 19-00394-01, 2023 WL 3366547, *3 (W.D. La. May 10, 2023) (finding that the defendant's "argument based on the methamphetamine-related sentencing guidelines simply do not present extraordinarily severe exigency; it was foreseeable at the time of sentencing; and it is not unique to Hall").

Nor are any of Stewart's other proffered reasons extraordinary and compelling. U.S.S.G. § 1B1.13 articulates several extraordinary and compelling reasons, including medical circumstances of the defendant, age of the defendant, family circumstances of the defendant, suffering abuse while in custody, and other reasons that are similar in gravity to the enumerated reasons. Defendant's proffered reasons do not fall in these categories, and they are not similar in gravity to the enumerated reasons. Stewart argues that his age increase, his rehabilitation efforts, and his strong family support are extraordinary and compelling reasons warranting a sentence reduction. The Court does not agree.

While Stewart has made rehabilitation efforts, these efforts are not unique to Stewart. Stewart asserts that his behavior and rehabilitation efforts are in itself "extraordinary."[20] Additionally, Stewart maintains that his increase in age is an "extraordinary" circumstance warranting a reduction of his sentence. Finally, Stewart asserts that his supportive family is an extraordinary circumstance warranting a reduction of sentence. However, Stewart fails to present any proof that these circumstances are unique to him alone.

In sum, there is nothing so unique or particular to Stewart as to constitute an extraordinary or compelling reason. The reasons likewise do not demonstrate some extraordinarily severe exigency. The proffered reasons, considered individually and cumulatively, simply do not warrant a sentence reduction. Stewart has failed to satisfy the test; therefore, he does not qualify for a sentence reduction.

b. Section 3553 Factors

Finally, Defendant has not demonstrated that release or reduction is appropriate in light of the Section 3553(a) factors, and these factors independently preclude a sentence reduction. These factors are the nature and circumstances of the offense and the history and characteristics of the defendant, deterring future criminal conduct, protecting the public from further crimes, and providing the defendant with needed education or vocational training, medical care, or other treatment in an effective manner. 18 U.S.C. § 3553(a).

Stewart contends that 18 U.S.C. § 3553(a) counsels a reduction of his sentence because he can be safely transplanted back into the community, he has significant family support, and he has participated in various programs. However, the Government points to the Defendant's extensive

---

[20] [Doc. No. 353-1].

criminal history and his personal characteristics. The Court finds that the 18 U.S.C. § 3553(a) factors counsel weigh against Stewart's request for a sentence reduction.

Stewart argues that his family support, age, and participation should be considered when examining his criminal history. However, Stewart had a Category IV criminal history. This criminal history spans over two decades throughout Stewart's adult life. Stewart has multiple drug felonies and assault convictions. Even considering Stewart's rehabilitation efforts, this extensive criminal history weighs against a sentence reduction. Likewise, the nature of Stewart's conspiracy and the amount of methamphetamine involved weighs against a sentence reduction. Additionally, based on the repeated nature of Stewart's criminal offenses, reducing Stewart's sentence would not deter future criminal conduct nor would it protect the public from further crimes.

The behavior of the Defendant in this case is similar to *United States v. Huckle*, 839 F.App'x 940, 941 (5th Cir. 2021), where the court denied a compassionate release motion because the defendant had committed a serious offense, had a fairly lengthy criminal history, and denial was necessary to protect the public from future crimes.

Accordingly, the Court finds that the 3553(a) factors counsel against a reduction of Stewart's sentence.

IV.  **CONCLUSION**

For the reasons stated above,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** the Defendant Alwyn Nord Stewart, Jr.'s pro se Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 353-1] is **DENIED.**

MONROE, LOUISIANA, this 1st day of July 2024.

                                                  Terry A. Doughty
                                       United States District Judge