UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA                    CASE NO: 5:12-CR-0257

VS.                                          JUDGE TERRY A. DOUGHTY

ALWYN NORD STEWART, JR.                      MAG. JUDGE MARK L. HORNSBY

MEMORANDUM ORDER

Defendant Alwyn Nord Stewart, Jr., ("Defendant" or "Stewart") files a fifth motion for a reduced sentence under 18 U.S.C. § 3742(e).  [Doc. No. 374].  The United States of America (hereafter, "the Government") opposes the motion.  [Doc. No. 379].  For reasons below, Defendant's motion is **DENIED**.

## I.      Background

On January 12, 2015, Defendant Alwyn Nord Stewart, Jr., entered a plea of guilty to conspiracy to possess with intent to distribute fifty grams and more of methamphetamine, and 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a) and 846.[1]

Stewart was sentenced on April 30, 2015.  He was held responsible for at least 3.552 kilograms of methamphetamine (actual).[2]  Stewart's sentence was enhanced under 21 U.S.C. § 851 based on a prior felony conviction for possession of controlled substances.[3]  This Court sentenced

---

[1] [Doc. No. 356].
[2] [PSR ¶ 8].
[3] [Rec. Doc. 64; PSR ¶3].

Stewart to 240 months in prison, the statutory minimum, and 5 years of supervised release with conditions.[4]

In August 2020, Stewart filed a COVID-related motion for compassionate release.[5]  That motion was denied based on failure to exhaust administrative remedies.[6]  On November 30, 2020, Stewart filed another COVID-related motion for compassionate release.[7]  The Court denied this motion, citing Stewart's lengthy criminal history and his failure to demonstrate that he will not pose a danger to the community if released.  The Court further found that release would not reflect the seriousness of his offense, would not promote regard for the law, and would not afford adequate deterrence to criminal conduct.[8]

Stewart filed a third motion for compassionate release.[9]  The Court denied the third motion, finding that Stewart failed to show any extraordinary and compelling circumstance warranting release.[10]  In so finding, the Court rejected the argument that non-retroactive changes are extraordinary.  The Court further noted that Stewart did not show that he would not be a danger to the community if released or that his release would be consistent with the 3553(a) factors.[11]

Stewart filed a fourth motion on approximately March 28, 2024.[12]  He argued that the Court erred in using a prior "Possession – Simple" State of Texas conviction because "Simple Possession" is not considered a "serious drug offense" for enhancement purposes under § 851[13] and that the court erred in sentencing him under the guidelines by increasing his mandatory

---

[4] [PSR ¶64; Rec. Doc. 221].
[5] [Rec. Doc. 292].
[6] [Rec. Doc. 301].
[7] [Rec. Doc. 316].
[8] [Rec. Doc. 321].
[9] [Rec. Doc. 344].
[10] [Rec. Doc. 352].
[11] [*Id.*].
[12] [Rec. Doc. 353].
[13] [Doc. No. 353-1].

minimum from Ten to Life to Twenty to Life term of imprisonment.[14]  He maintained that his sentence would be dramatically lower had he been sentenced today without the § 851 enhancement.[15]  Further, he maintained that his Mandatory Minimum would be reduced from 20 to 15 years.[16]  On July 1, 2024, the Court denied the motion.

Defendant filed the instant motion on approximately April 10, 2025.

## II.    Law and Analysis

"A defendant moving for compassionate release must establish both extraordinary and compelling circumstances *and* that the release is consistent with the § 3553(a) factors."  *United States v. Santana-Cerano*, 2025 WL 817589, at *1 (5th Cir. Mar. 14, 2025).

### 1. Extraordinary and Compelling Reasons

"A district court may grant a motion for compassionate release under § 3582(c)(1) only if it finds, *inter alia*, that 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Austin*, 125 F.4th 688, 691 (5th Cir. 2025).  Under 18 U.S.C. § 3582(c)(1)(A)(i):

> (c) The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

---

[14] [*Id.*].
[15] [*Id.*].
[16] [*Id.*].

> > (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Fifth Circuit "understand[s] 'extraordinary' to mean 'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023). "'Compelling' . . . means 'to drive or urge with force, or irresistibly,' 'to force,' and 'to subjugate.'" *Id.* The terms 'extraordinary' and 'compelling' "explain why prisoners can seek relief under § 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *Id.*

"Although not dispositive, the commentary to the U.S.S.G. informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Batiste*, No. 23-30582, 2024 WL 620373, at *2 (5th Cir. Feb. 14, 2024). Under FSG § 1B1.13(b), the following may be sufficiently extraordinary and compelling reasons: (1) certain medical conditions; (2) the age of the defendant; (3) family circumstances; and (4) defendants who were victims of abuse.

Here, Defendant presents the same arguments for relief that he previously presented in his third and fourth motions for compassionate release: (1) that the Court erred in using a prior "Possession – Simple" State of Texas conviction because "Simple Possession" is not considered a "serious drug offense" for enhancement purposes under § 851 and that the Court erred in sentencing him under the guidelines by increasing his mandatory minimum from Ten to Life to Twenty to Life term of imprisonment; and (2) that the sentencing disparity between actual

methamphetamine and a mixture containing methamphetamine is grossly disproportionate and unjust.  [Doc. No. 374].

The Court has already considered and rejected Defendant's arguments.  [Doc. Nos. 352; 359].  The Court rejects the instant arguments for the same reasons the Court rejected the prior arguments.  Again, Defendant does not present extraordinary and compelling reasons to justify reducing his sentence.

### 2. Factors Under 18 USC § 3553(a)

Even assuming Defendant presented extraordinary and compelling reasons to justify reducing his sentence (he does not), the Court would still deny his motion after analyzing the factors under 18 U.S.C. § 3553(a).

The 18 U.S.C. § 3553(a) factors weigh against Defendant's request for a sentence reduction. Defendant had a Category IV criminal history spanning over two decades throughout his adult life. He has multiple drug felonies and assault convictions.  Even considering his rehabilitation efforts, this extensive criminal history weighs against a sentence reduction.  Likewise, the nature of his conspiracy and the amount of methamphetamine involved weighs against a sentence reduction. Additionally, based on the repeated nature of his criminal offenses, reducing his sentence would not deter future criminal conduct nor would it protect the public from further crimes.

The behavior of the Defendant in this case is similar to *United States v. Huckle*, 839 F. App'x 940, 941 (5th Cir. 2021), where the court denied a compassionate release motion because the defendant had committed a serious offense, had a fairly lengthy criminal history, and denial was necessary to protect the public from future crimes.

Accordingly, the Court finds that the 3553(a) factors counsel against a reduction of Defendant's sentence.

**III.    Conclusion**

For the reasons above, Defendant Alwyn Nord Stewart, Jr.'s Motion to reduce his

sentence, [Doc. No. 374], is **DENIED**.

MONROE, LOUISIANA, this 30th day of June, 2025.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE